```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                          EASTERN DIVISION
```

FILED
97 OCT 22 PM 1:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

ROST WINNER, D/B/A ROMAN        }
CONNECTION, ET AL.,             }
                                }
     Plaintiffs                 }    CIVIL ACTION NO.
                                }
     vs.                        }    97-AR-2571-E
                                }
CITY OF OXFORD, ALABAMA,        }
                                }
     Defendant                  }

ENTERED
OCT 22 1997

## MEMORANDUM OPINION

On October 17, 1997, the court conducted a hearing on plaintiffs' petition for preliminary injunction in the above-captioned cause and on defendant's motion to dismiss. Plaintiffs are operators of massage parlors within defendant, City of Oxford, Alabama, a municipality that recently enacted "An Ordinance to Regulate and Prescribe Licenses for Massage Parlors." Pursuant to 42 U.S.C. § 1983, plaintiffs are attacking defendant's said ordinance on federal constitutional grounds.

Because the dispositive facts are undisputed, there was no oral testimony offered or received. The central facts are the words of the ordinance themselves, including the severability clause by the terms of which any and all provisions of the ordinance that are found to be invalid would not bring down or render unenforceable the provisions that are found to be valid.

Plaintiffs moved for and obtained an extension for filing a brief in response to defendant's brief filed in support of its motion under Rule 12(b)(6), F.R.Civ.P. The court deems the complaint to constitute a challenge to all provisions of the ordinance, separately and severally. The court also deems defendant's 12(b)(6) motion to be addressed to each of plaintiffs' separate contentions of unconstitutionality.

Plaintiffs concede, as a practical matter, that unless the provision of the ordinance prohibiting opposite sex massages is found invalid, plaintiffs will be out of business. In other words, although plaintiffs challenge other provisions of the ordinance, the controversy centers on the opposite sex prohibition.

Upon consideration of all materials submitted, the court finds that defendant's 12(b)(6) motion is due to be granted as to all of plaintiff's claims of unconstitutionality, except the claims regarding Section 10 and Section 16 of the ordinance. Section 10 requires a medical certification that all massage parlor employees are free of communicable disease. Section 16 requires massage parlors to submit to warrantless searches and, together with other provisions, subjects the operators to criminal penalties.

In order preliminarily to enjoin the enforcement of Sections 10 and 16 this court would be required to find pursuant to Rule 65, F.R.Civ.P., *inter alia*, (1) that there is a substantial likelihood that plaintiffs will prevail in their attacks on Sections 10 and

16; (2) that plaintiffs will suffer irreparable injury unless the injunction issues as to Sections 10 and 16; (3) that the injury to movants outweighs whatever damage the proposed injunction may cause defendant; and (4) the injunction, if issued, will not adversely affect the public interest.  This court cannot make all of these essential findings.  In particular, the court cannot find irreparable injury to plaintiffs when they will be "out-of-business" anyway by their own concession.  Also, an injunction against warrantless searches and against certifications of a disease-free environment would be adverse to the public interest.  Of course, as to all other provisions of the ordinance, including the prohibition against opposite-sex massages, all being found to be constitutional on their face, there would certainly be no substantial likelihood of success in this court, which is not prepared to predict that the "equal protection" concept, as it may be applied to gender discrimination, has evolved into a constitutional right of a person of one sex, for a consideration, to massage a person of the opposite sex, in a publicly-accessed establishment.  Last, it would be very difficult to determine a proper amount for an injunction bond to accompany a preliminary injunction limited to Sections 10 and 16 of the ordinance.

    An appropriate, separate order will be entered.

DONE this 22nd day of October, 1997.

                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE